861 F.2d 263
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karen L.B. EVANS, Plaintiff-Appellant,
v.
AMERICAN SOCIETY FOR INDUSTRIAL SECURITY, Defendant-Appellee.
 No. 87-3729.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 8, 1988.
Decided: Oct. 17, 1988.
 
 Alan Dockterman (Holland & Dockterman, on brief), for appellant.
 Chester Alexander Hewes, Jr. (Anthony C. Morella; Hewes, Morella, Gelband & Lamberton, P.C., on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges, and W. EARL BRITT, Chief United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Karen Evans, a black female, claims that she was fired by the defendant, American Society for Industrial Security (ASIS), because of her race or sex, in violation of 42 U.S.C.A. Sec. 1981 (West 1981) and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Sec. 2000e-17 (West 1981). After a bench trial the district court entered judgment in favor of ASIS. Ms. Evans now appeals from that judgment claiming that the findings of the district court were clearly erroneous. We reject the plaintiff's arguments and affirm the judgment below.
 
 
 2
 Ms. Evans was hired in 1982 for a position in the Publications Department of ASIS. In this position she devoted approximately eighty percent of her time to the production of a newsletter and the rest of her time to working on articles. She received regular evaluations which indicated that her job performance was satisfactory but not exceptional. In April of 1984 Ms. Evans informed her immediate supervisor, Shari Gallery, that she was pregnant. On 10 September 1984 she gave birth and began a three-month maternity leave pursuant to the Headquarters' Personnel Policy and Procedures Manual of ASIS. Ms. Evans volunteered to take work home during the maternity leave but failed to complete it. As a result, other staff members had to finish the work in a short period of time.
 
 
 3
 On 10 December 1984 Ms. Evans returned to work. Four days later she met with Ms. Gallery who informed her that she would receive a merit pay increase of $1,200 and a pay scale increase of $1,000. According to the findings of the district court, "at this meeting, Ms. Gallery also informed the plaintiff that her position was being abolished on February 15, 1985."
 
 
 4
 The district court found that Ms. Evans' position was abolished as the result of decisions that were made during her maternity leave. Specifically, the court found that pursuant to a plan to reorganize the Publications Department, ASIS decided to abolish the plaintiff's position and to establish a new editor's position which would require greater editorial skills than the old position. The court also found that ASIS determined that Ms. Evans was not qualified for the new position because her editorial skills were weak. These findings were supported by the testimony of two ASIS officers, Ernest J. Criscuoli and Shari M. Gallery, who testified that the company replaced Ms. Evans because they needed an individual with greater editorial skills.
 
 
 5
 The district court correctly held that ASIS presented evidence tending to show that it had a legitimate economic reason for abolishing Ms. Evans' position. Accordingly, Ms. Evans needed to "demonstrate by competent evidence that the presumptively valid reasons ... were in fact a cover-up for a racially discriminatory decision" in order to succeed on her claims. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 805 (1973). She tried to meet this burden by presenting evidence that the new position was in fact very similar to the position which was terminated. After hearing conflicting evidence on this point, the district court held that the new position was significantly different from the old position. This holding was not clearly erroneous. Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.